## OBERLIN COLLEGE *vs.* HENRY FOWLER & others.

If an executor who is authorized to sell real estate of his testator at private sale sells the same to his relatives for less than he might have obtained from others, for the purpose of favoring them to the injury of the legatees, the sale will be void; and on the trial of an issue to ascertain whether such sale was fraudulently made by him it is not necessary to instruct the jury that it must be proved that he in making the sale was guilty of gross neglect and mismanagement.

BILL IN EQUITY by a part of the residuary legatees under the will of Hannah E. Mix, against Henry Fowler, executor of her will, and Noah L. Strong and Edwin E. Kingsley, to set aside a conveyance of certain real estate made by Fowler to the other defendants on the ground of fraud.

An issue was framed to the jury to determine the question of fraud, which was tried before *Chapman,* J. The will appointed Fowler sole executor, and authorized him to sell the whole of the testator's real estate at private sale; and it was duly proved in June 1863. It appeared that Strong was the son-in-law and Kingsley the grandson of Fowler, and the conveyance in controversy was made to them on the same day when the letters

testamentary were issued to Fowler, for the sum of $3500. The plaintiffs offered evidence that at the time of the sale the land was worth from $4000 to $4500; that several persons were desirous to purchase it, and two persons offered to start it at auction, one at $3250, and one at $3500; that it was situated in the central part of Westfield; that Fowler had agreed to sell it to the other defendants for $3000, but after these offers the price was raised to $3500; and that Fowler had promised several persons that he would not sell it without giving them an opportunity to purchase, but did in fact make the sale and conveyance immediately after he received the letters testamentary, and without giving any public notice that the property was to be sold. The defendants offered evidence in contradiction and explanation of this, and especially to show that the value of the land was not over $3000.

The defendants, amongst other things, asked the court to instruct the jury that in order to maintain the issue on the part of the plaintiffs it must be shown that Fowler in making the sale was guilty of gross neglect and mismanagement. The judge declined so to rule, and instructed the jury that the burden was on the plaintiffs to prove to their reasonable satisfaction that the sale was fraudulent, that is, that it was contrary to equity and good conscience, and that this involved the proof of two facts.

1. It must appear that the legatees were injured by the sale Fowler had a right to sell it to his son-in-law and grandson, and had a right to sell it at private sale, and if he had obtained from them as good a price as he could have fairly obtained from other persons by making reasonable efforts the plaintiffs had not been injured by the sale and had no cause of complaint; that the evidence as to the estimated value of the land was important, because the probability is that land can generally be sold at about its estimated value. But this is not always the case, and if an executor authorized to sell land cannot by reasonable efforts obtain that price for it, he may sell it for a less price. On the other hand, if he can by reasonable efforts obtain a greate price for it he is bound to use such efforts and to obtain the best

price he fairly can by such efforts, even though he and many other persons may regard it as a speculative price.

2. If the jury were satisfied that the plaintiffs were injured by the sale of the land at too low a price, they were next to inquire into the motives of Fowler. He would not be liable for neglecting to use skill and ability beyond what he possessed. But he was bound to consult the interest of the legatees exclusively in making the sale, and not to consult the interest of the purchasers. The plaintiffs must prove that his purpose in selling the land for less than others would have paid for it was to favor his relatives who were the purchasers, to the injury of the legatees. If this was his purpose the sale was fraudulent, and ought to be set aside as void. The fact that they were his relatives is a suspicious circumstance, and tends to sustain the allegation of fraud. He had a right to sell at private sale, but if he had reason to believe that other persons were anxious to purchase, and made a secret bargain for the sale to the other defendants without giving any notice to others or using any efforts to ascertain what others would give, it was a circumstance tending to prove fraud. So if he sold it with unreasonable haste the jury might consider that as a circumstance tending to prove fraud. He had a right to make a verbal bargain with Kingsley for the sale before he obtained his letters testamentary, and if he made such a bargain it was proper that he should fulfil it, provided it was fairly made; but it was for the jury to judge from the circumstances whether it was fairly made.

The jury found a verdict for the plaintiffs, and the case was reported for the determination of the whole court.

*H. Morris, E. B. Gillett & H. B. Stevens,* for the defendants.

*W. G. Bates & J. Wells,* for the plaintiffs, cited *Arnold* v. *Brown,* 24 Pick. 89; 1 Sugd. Vend. (7th Amer. ed.) 52, 53, 31; *Drake* v. *Curtis,* 1 Cush. 395; *Commonwealth* v. *Bailey,* 11 Cush. 415.

DEWEY, J Had the plaintiffs set forth in their bill a case of alleged loss occasioned by the mere negligence or want of skill on the part of the executor in conducting the sale of these premises, the court might properly have been asked to give the

instructions adapted to such a case. But the burden of the complaint here was a charge of a more grave character, alleging an actual fraudulent purpose and a fraudulent sale of the property by the executor, and such was the issue framed for the jury to pass upon, and upon which they found a verdict against the executor. In this aspect of the case, the defendants have no ground for complaint that the instructions given were not sufficiently favorable to them.                    *Verdict to stand.*